## NEVILLE v. BOARD OF HEALTH OF CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. September, 1892.)

PUBLIC RECORDS—BUREAU OF VITAL STATISTICS—RIGHT TO INSPECT RECORDS.
    Consolidation Act, (Laws 1882, c. 410,) § 50, provides that all books in any bureau of the city government of New York shall be open to the inspection of taxpayers, subject to reasonable regulations to secure their safety and proper use; and, in case such inspection is refused, such taxpayer, on his sworn petition, describing the particular book he desires to inspect, may apply to any justice of the supreme court for an order allowing such inspection as the justice shall authorize. *Held*, that where a taxpayer presented a verified petition, stating that the bureau of vital statistics of the health department refused to allow him to inspect the records of deaths kept therein for a proper purpose, he was entitled to an order requiring said bureau to permit such inspection.

At chambers. Proceeding on the petition of Timothy F. Neville for an order to compel the bureau of vital statistics of a department of the city government of New York to permit petitioner to inspect the records of deaths kept therein. Order granted.

The petition for the order was as follows:

"Your petitioner respectfully shows that he is a citizen and taxpayer of the city of New York. That he has also been for over twenty years a counselor of the supreme court. That, in connection with a certain matter which your petitioner has been professionally employed to prosecute, it is necessary for him to examine the records of deaths in said city. That for the purpose of prosecuting the same your petitioner, on the 31st day of August, 1892, called at the bureau of vital statistics of the health department of said city, and requested of the clerk in charge to be permitted to inspect the records of deaths in said city. He told me that it was against the rules of the department to allow such inspection. I then applied to Gen. Emmons Clark, the secretary of said board. That, notwithstanding your petitioner explained to them the object for which he wished to make said inspection, such inspection was refused, said secretary informing petitioner that it was a rule of said board not to allow inspection of said records, on the ground that they are not public records, but said he would have a search made for me for a fee of about $3.70. And your petitioner further shows that said information is necessary and is sought for the purpose of removing, or to aid in removing, an alleged flaw to the title of lands which was originally derived by grant from the United States government to the soldiers of the army and their heirs; the person whose death your petitioner desires to ascertain being an heir of one of the soldiers, from and through whom the title of said lands has descended. The soldier, Hiram Corwin, died prior to May, 1812, and the heir, Watts Corwin, subsequently to November 30, 1818, but at what dates petitioner is unable to state. Your petitioner further says that he again called on the 1st day of September, 1892, at said department, and requested the president of said board, Hon. Chas. G. Wilson, to see said records. He also refused, and said it was against the rules of the department. Wherefore your petitioner prays for an order that he be allowed to inspect said records of deaths."

The order entered by the court was as follows:

"Ordered and directed that the prayer of the petitioner be granted, with costs, and that said Timothy F. Neville, during regular office hours, and free of all charges and expenses, shall be allowed and permitted to make such personal inspection of the records of deaths in the bureau of vital statistics of said board of health as he may require, under such reasonable regulations as the said bureau may make known."

Timothy F. Neville, in pro. per.

Henry Steinert, for respondent.

BEACH, J. The consolidation act (section 50)[1] fully covers this application favorably to the petitioner. Motion granted.

[1] Consolidation Act, (Laws 1882, c. 410,) § 50, provides that all books and papers in any department or bureau of the city government of New York, except the police department, shall at all times be open to the inspection of any taxpayer, subject to any reasonable rules and regulations in regard to the time and manner of such inspection as such department or bureau may make in regard to the same in order to secure the safety of such books and papers, and the proper use of them by the department or bureau. In case such inspection shall be refused, such taxpayer, on his sworn petition describing the particular book or paper that he desires to inspect, may, on notice of not less than one day to such department or bureau, apply to any justice of the supreme court for an order that he be allowed to make such inspection as such justice shall by his order authorize, and such order shall specify the time and manner of such inspection.