(59 App. Div. 591.)

## In re LORD.

(Supreme Court, Appellate Division, First Department. April 4, 1901.)

INSPECTION OF ASSESSMENT ROLLS—ORDER TO PERMIT—REGULATIONS—ASSESSMENT AFFECTING PETITIONER.

Greater New York Charter, § 1545, provides that all books and papers in any department shall at all times be open to the inspection of any taxpayer, subject to reasonable regulations, and prescribes that on a refusal of such right a taxpayer may apply to the court by sworn petition. Section 892 provides that the annual records of assessed valuation of real and personal estate shall be open for examination by persons believing they are assessed on their personal property. *Held*, that a taxpayer and attorney would be granted an order compelling the allowance of the inspection of the tax books containing the personal property assessments for himself and clients, on condition that he would furnish the commissioners names of the estates and taxpayers which he represented, but that an unlimited right to unnecessarily inspect the books would not be given.

Appeal from special term, New York county.

Petition by Franklin B. Lord for an order compelling the tax department of New York City to allow inspection of assessment rolls. From an order granting a limited right of inspection (68 N. Y. Supp. 873), the petitioner appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

Henry De F. Baldwin, for appellant.
James M. Ward, for respondent.

RUMSEY, J. By section 892 of the Greater New York charter it is provided that the annual records of the assessed valuations of real and personal estate shall be open for examination and correction from the 2d Monday in January until the 1st day of May in each year, so

that those persons who are assessed, or who have reason to believe that they are assessed, upon their personal property, may have an opportunity to examine the tax rolls to ascertain the amount of their assessment. On the 30th of January, 1901, Franklin B. Lord made an application to the commissioners of taxes for permission to inspect these books, claiming the right because he himself had been assessed for personal property as executor and trustee, and as attorney at law for certain persons who had been notified that they had been assessed, for certain persons who had been assessed but not notified, and for certain other persons who thought they were assessed, and were desirous of ascertaining the fact. The commissioners, in reply, asked for a list of the names required, with authority in writing therefor, and advised Mr. Lord that upon receipt of it they would be pleased to regulate the business of the office for his convenience as much as possible. This reply was not satisfactory to Mr. Lord, and thereupon he moved before this court at special term for an order giving him unlimited right to inspect these books. This the court refused to grant, but it did give him an order requiring that the commissioners of taxes allow him to make such an inspection between the hours of 9 and 10 in the morning of such a day, or days as the board of assessment might indicate as most convenient for the dispatch of public business, and prescribing that the inspection should be limited to an examination of the assessment affecting himself individually or as executor or trustee, or the taxpayers whom he represented as attorney; that before he inspected the books he should furnish to the commissioners the names of the estates which he represented as executor or trustee or in any representative capacity, and the names of the taxpayers whom he claimed to represent as attorney; and providing finally that he should have an opportunity to inspect the entries indicated by the list of names furnished, under the personal supervision of the commissioners, or that of such officer, clerk, or employé as they might designate for that purpose.

We are of the opinion that the order as granted by the court was correct. By section 1545 of the Greater New York charter it is provided that all books in any department, except the police and law departments, shall at all times be open to the inspection of any taxpayer, subject to any reasonable rules and regulations in regard to the time and manner of such inspection as such department may make in regard to the same, in order to secure the safety of such books and the proper use of them by the department, and, in case such inspection shall be refused, the taxpayer may apply to a justice of the supreme court for an order that he be allowed to make such inspection as such justice shall by his order authorize, and such order shall specify the time and manner of such inspection. It is clear that the order made in this case was within the power expressly given to the justice. The statute indicates that the taxpayer is not to have an unlimited and general power of inspection of the books. It is apparent, not only from the affidavits, but from the nature of things, that such an inspection given to every taxpayer in the city of New York might not only jeopardize the safety of the books, but would interfere considerably with the work of the department; and the fact

that such an inspection may have that effect is indicated in the statute which authorizes the department to make reasonable rules to protect the books, and to prevent undue interference with the work of the employés of the department who are engaged upon them. It appears from the papers in this case that the records consist of 28 volumes, containing almost 98,000 names. It is also made to appear that from the time the books are open to the 1st of May they are in constant use in furnishing information to persons applying for the correction and revision of the assessments against them, and that the average number of these applications is from seven to eight hundred a day. It appears further that the employés are constantly engaged in making entries of the necessary revisions and corrections of the assessments, and that it is absolutely necessary, in order to keep up with such work, to have the books in hand, so that they can be used. It is clear that the order authorizing the inspection should have regard to the work of the department, and should be so framed as to interfere as little as possible with the duties of the employés. The assessments in respect of which this examination is sought are assessments as to personal property only. To ascertain whether the amounts of those assessments are proper, it is not necessary for the taxpayer to examine the assessment against any one else. The only question that he can raise is whether or not he should be assessed at all, or whether the amount of the assessment is excessive. To ascertain that fact it is not necessary for him to know about the assessment of any one else, because his assessment is to be determined by the amount of his personal property, and a comparison with the assessment of any one else would not be of any use to him; and therefore when he learns the amount of his own assessment he knows all that it is material for him to know for the protection of his rights.

The order which enables the petitioner to ascertain whether each person be represented was taxed, and the amount of the assessment, if any, was all that he was entitled to; and it therefore was correct, and should be affirmed, with costs. All concur; McLAUGHLIN, J., in result.