In the Matter of the Application of FRANKLIN B. LORD, Appellant, for an Order Requiring the BOARD OF TAXES AND ASSESSMENTS OF THE CITY OF NEW YORK, Respondent, to Permit him to Inspect Certain Public Records.

NEW YORK CITY — RIGHT OF TAXPAYER TO INSPECT TAX RECORD. A taxpayer in the borough of Manhattan has no absolute statutory right under section 892 of the charter of the city of New York (L. 1897, ch. 378) to make a general and unlimited inspection of the tax record, the limits of the inspection depending upon the facts of the particular case; and an order under section 1545 allowing him to examine his individual assessment and the assessment of all those taxpayers he represents in any capacity, under lawful and reasonable limitations and conditions as to the time and manner of inspection, is properly granted.

*Matter of Lord,* 59 App. Div. 591, affirmed.

(Argued April 17, 1901; decided June 11, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 8, 1901, affirming an order of Special Term granting the prayer of the petitioner for permission to inspect certain public records with limitations as to time and manner.

The facts, so far as material, are stated in the opinion.

*Henry de Forest Baldwin* and *Charles J. Fay* for appellant. The statute distinctly gives the right to a general inspection and is mandatory. (L. 1897, ch. 378, § 892; *Clark* v. *Norton,* 49 N. Y. 243; *Westfall* v. *Preston,* 49 N. Y. 349; *Overing* v. *Foote,* 65 N. Y. 263; *People ex rel.* v. *Forrest,* 96 N. Y. 544; Cooley on Taxn. [2d ed.] 336; *Wheeler* v. *Mills,* 40 Barb. 644; *People ex rel.* v. *Vil. of New Rochelle,* 17 App. Div. 603; *People* v. *Schermerhorn,* 19 Barb. 540; *People ex rel.* v. *Gilroy,* 82 Hun, 500, 145 N. Y. 596; *French* v. *Edwards,* 13 Wall. 506.)

*John Whalen, Corporation Counsel (James M. Ward* of counsel), for respondent. The order to be entered upon an application of this nature is by statute made discretionary

with the court making the order, which discretion in denying so much of the application as called for a right of general inspection was properly exercised. (L. 1897, ch. 378, § 1545; *Matter of Terry*, N. Y. L. J. Jan. 21, 1893.)

BARTLETT, J. The petitioner seeks in this proceeding an order directing the commissioners of taxes and assessments, who constitute the board of taxes and assessments of the city of New York, to permit him, on his own behalf and on behalf of others named, to examine the annual record of the assessed valuation of real and personal estate of the borough of Manhattan for the year 1901.

The petitioner alleges in substance that he is a taxpayer upon property within the city of New York assessed at more than one thousand dollars, and that he also represents various taxpayers as executor, trustee, or attorney at law; that inspection of said record has been denied him.

The Special Term, after hearing counsel for the petitioner and the commissioners, granted the order for inspection, specifying the time and manner thereof.

The petitioner deeming himself aggrieved by the limitations placed upon the inspection and the refusal to allow a general inspection, appealed to the Appellate Division where the order was unanimously affirmed. An appeal was then taken to this court.

The Greater New York charter provides (§ 892) that said record shall be open for examination and correction from the second Monday in January until the first Monday in May, and that during the time the books are open for inspection the fact shall be advertised in the City Record.

Section 1545 of the charter provides that in case such inspection is refused the taxpayer making the application may apply to any justice of the Supreme Court for an order allowing it at such time and in such manner as the justice shall authorize.

In opposing the motion of the petitioner the commissioners showed that the record in question for the year 1901, exclusive

of the books of assessment of shares of bank stock, in the borough of Manhattan, consists of eleven volumes containing 50,815 names; that during this time of public examination these books are in constant use in furnishing information to persons applying for the revision and correction of assessments against them, the average number of applications daily being from seven to eight hundred. It is apparent that the inspection accorded the taxpayer must be reasonably regulated or it would be impossible to complete the work of revision and correction between January and May.

The only question presented for determination at this time is whether the petitioner has been awarded his statutory rights in this particular proceeding.

The petitioner asked inspection on his own behalf individually, on his own behalf as executor or trustee, and in his capacity as attorney at law consulted by various persons, some of whom had been notified they were assessed, some of whom had received no notices, but who, as petititioner was informed and believed, had been assessed, and some of whom petitioner had no reason to believe had been assessed, but who had requested him as their attorney to determine such fact by an inspection of the record.

The Special Term granted the prayer of the petition, and the commissioners were ordered to allow the petitioner to make such inspection at the times and in the manner set forth in the order, as follows:

" (1) That the inspection shall be made between the hours of nine and ten in the morning of such day or days within ten days after the service of a copy of this order upon the board of taxes and assessments as that board may indicate as most convenient for the dispatch of public business.

" (2) That the leave of the petitioner to inspect the books is limited to an inspection of the assessments affecting either the petitioner individually, or as executor, or trustee, or taxpayers whom the petitioner represents as attorney.

" (3) That before the petitioner proceeds to inspect the records of the assessed valuations of real and personal property in

the borough of Manhattan for the year 1901, he shall furnish the commissioners of taxes and assessments with the names of the estates which he represents as executor or trustee, .or in any representative capacity, and the names of the taxpayers whom he claims to represent as attorney.

" (4) That the entries in the record of assessed valuations of real and personal property in the borough of Manhattan for the year 1901, as indicated by the list of names directed to be furnished as above, may be, and the commissioners are required, as directed above, to furnish the petitioner opportunity to inspect under their personal supervision, or that of such officer, clerk or employee of the department as they may designate for that purpose.

"And it is further ordered that the petitioner's application for a general and unlimited inspection is denied."

We are of opinion that the terms of this order are reasonable and enable the petitioner to acquire all the specific information asked for by him individually and as executor or trustee, and as an attorney at law representing certain clients who are taxpayers.

While the provisions of the charter are to be construed with a due regard for the interests of the individual taxpayer, it is also the duty of the court to protect the rights of the taxpayers as a body, and so regulate inspection that the vast volume of public business in the office of the commissioners can be duly transacted.

If each taxpayer in the borough of Manhattan is vested with the absolute statutory right to make a general and unlimited inspection of the eleven volumes of the record, containing 50,815 names, it is perfectly apparent that the work of revision and correction, within the short time allowed by law, would be impossible.

We are not called upon at this time to determine the limits of a taxpayer's right of inspection.

In the case at bar the petitioner has been allowed to examine his individual assessment and the assessment of all those taxpayers he represents in any capacity, and the only claimed

right denied him is a general and unlimited inspection of the record.

The necessity for examining the tax record will undoubtedly arise in many cases and under varying circumstances not to be anticipated, and each application must, therefore, be dealt with according to its peculiar facts; the courts will see to it that the rights of the taxpayer are properly protected.

We decide in this case that the prayer of the petitioner was properly granted as to the specific information he sought, and that the limitations and conditions imposed by the court as to the time and manner of inspection were lawful and reasonable.

Also that the petitioner was not entitled, under the facts disclosed, to a general and unlimited personal inspection of the eleven volumes of the personal tax record, relating to the borough of Manhattan.

The order appealed from should be affirmed, with costs.

CULLEN, J. (dissenting). I am constrained to dissent in the decision about to be made. The Greater New York charter, by section 892, directs that the record of assessed valuations of real and personal estate shall be open for examination from the second Monday of January until the first Monday in May in each year. The petitioner as a taxpayer is interested not only in the assessment for personal property levied on himself, but also in that imposed on others, for the greater the assessment on others the less will be the amount of taxes which he will be ultimately compelled to pay. The right of the petitioner to this examination is not singular to him, but shared with every other taxpayer in the county, and the records are required for use by the public officials who make up the tax rolls. The relator's right to inspection can be exercised only consistently with the equal rights of the other taxpayers and the necessary use of the books by the city authorities. Therefore, it would be entirely proper for the court to prescribe at what times and in what manner the petitioner shall make his inspection; but the order appealed from goes much further, and not merely prescribes the manner of inspection, but limits

the character of the examination itself by confining the petitioner to ascertaining only the assessments imposed on himself or his clients and forbidding an access to assessments imposed on others. The petitioner is, therefore, deprived of his statutory rights.

The order appealed from should be reversed and the matter remitted to the Special Term, with directions that the petitioner be allowed access to all assessments, his inspection to be made at such times and in such manner as the court may deem proper.

Parker, Ch. J., O'Brien, Martin and Vann, JJ., concur with Bartlett, J.; Landon, J., concurs with Cullen, J.

Order affirmed.