In re ALLEN.

(Supreme Court, Appellate Division, First Department.   December 1, 1911.)

1. APPEAL AND ERROR (§ 553*)—STATEMENT OF FACTS.
     Statements of fact not contained in respondent's motion for an order allowing him to examine the public records, but merely made in his brief on appeal, cannot be considered on appeal from an order granting his application.
     [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 553.*]

2. RECORDS (§ 14*)—INSPECTION OF PUBLIC DOCUMENTS—RIGHT TO INSPECT.
     Greater New York Charter (Laws 1901, c. 466) § 1545, provides that all books and papers in any department of the city government, except the police and law departments, "shall at all times be open to the inspection of any taxpayer," subject to any reasonable rules as to the time and manner of inspection as such department may make, and, in case such inspection shall be refused, such taxpayer, on his sworn petition describing the papers he desires to inspect, may apply to any justice of the Supreme Court for an order to be allowed to make such inspection as the justice shall authorize.   Section 1175 authorizes the board of health to establish as it shall deem wise reasonable regulations as to the publicity of the records of the department of health, and to publish such information as may in its opinion be used concerning births, etc. Held, construing the sections together, that a taxpayer was not entitled to inspect the records of the department of health as to the methods adopted in dealing with typhoid fever without showing some reason for examining them and interest in the matter.
     [Ed. Note.—For other cases, see Records, Dec. Dig. § 14.*]

3. STATUTES (§ 205*)—CONSTRUCTION—RELATED STATUTES.
     Section 1175 (Laws 1901, c. 466) should be read with section 1545 and construed so as to give effect to both, being a part of the same statute.
     [Ed. Note.—For other cases, see Statutes, Cent. Dig. § 282; Dec. Dig. § 205.*]

Appeal from Special Term, New York County.

Application by William H. Allen for an order allowing him to examine certain records of the Department of Health of the City of New York.   From an order granting the application, an appeal was taken.   Order reversed, and application denied.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Terence Farley, for appellant.
Clarence King, for respondent.

SCOTT, J.   This is an appeal from an order of the Special Term. granting the application of William H. Allen, a taxpayer, to examine certain records of the department of health of the city of New York. The papers sought to be examined are described in six paragraphs, and are apparently those which will show the means and methods adopted by the department of health in endeavoring to discover the existence of cases of typhoid fever, the sources of infection, and the spread of the infection, as well as the records of all typhoid cases which have come to the knowledge of the department since May 1st, in a year not stated, but presumably in the year 1911.   It is evident

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

that the bulk of the records sought to be examined must be very considerable. The applicant gives no reason or explanation why he desires to inspect these records, or what special interest he has, if any, in making the inspection, or what use he expects or intends to make of the information to be obtained therefrom. He stands squarely upon his presumed right as a taxpayer under the statute to be presently quoted, and insists that as such taxpayer he is absolutely entitled to make the desired inspection for any reason or for no reason, and whether or not he has any interest beyond mere curiosity. It is true that there are references in the papers to a body or organization known as the "Bureau of Municipal Research"; but no explanation is given as to the object of that body, or its composition. Much is said in the brief of the respondent as to the general purposes of this bureau, and of its achievements and of the amount of money it has expended in seeking to better municipal conditions.

[1] These statements are unsupported by anything contained in the moving papers, and we may not therefore consider them in passing upon this appeal. The bald proposition as the respondent has elected to present it is that any taxpayer, without showing any interest or reason, is entitled upon demand to examine any and every record of the department of health, and, of course, to make such use as he may see fit of the information thus to be gained.

[2] The statute upon which the respondent relies is section 1545 of the present charter, which reads as follows:

"All books, accounts and papers in any department and bureau thereof, except the police and law departments, shall at all times be open to the inspection of any tax payer, subject to any reasonable rules and regulations in regard to the time and manner of such inspection as such department, bureau or officer may make in regard to the same, in order to secure the safety of such books, accounts and papers, and the proper use of them by the department, bureau or officer, in case such inspection shall be refused such tax payer, on his sworn petition, describing the particular book, account or papers that he desires to inspect, may, upon notice of not less than one day to such department, bureau or officer, apply to any justice of the Supreme Court for an order that he be allowed to make such inspection as such justice shall by his order authorize, and such order shall specify the time and manner of such inspection."

This statute, and similar ones, have been in force in the city of New York since 1865 (Laws 1865, c. 171; Laws 1873, c. 335, § 107; Laws 1882, c. 410, § 50), and have frequently been the subject of judicial construction. In Peo. ex rel. Henry v. Cornell, 35 How. Prac. 31, which was decided after the passage of the act of 1865, an order for the inspection of public records in the office of the clerk of the common council was refused, apparently, upon the ground that the applicant, a citizen, had failed to show that he had any interest in the records, or in the information to be obtained therefrom, or that he was inspired by a commendable motive.

The act of 1865, while differently phrased from the present law, was very comprehensive. After providing that all public records and papers should be deposited with the clerk of the common council, it provided that:

"Access by the public shall at all times be allowed for the examination of said records and papers, under such regulations as shall be established by said clerk to secure the preservation of the same."

Notwithstanding the broad language of section 1545 of the charter, and the corresponding section in the general municipal law (Consol. Laws, c. 24, § 51), there is the highest authority for holding that the right of inspections, without apparent interest or assigned reason, is not unlimited. The question has arisen more than once upon applications for a general inspection of the records of the department of taxes and assessments. Matter of Terry, Law Journal Jan. 21, 1893; Matter of Lord, 59 App. Div. 591, 69 N. Y. Supp. 678, s. c. 167 N. Y. 398, 60 N. E. 748. In those cases the applicant was confined to an inspection of those records as to which he had shown that he had an actual interest either personally or as attorney for others. In Neville v. Board of Health, 21 N. Y. Supp. 574, the petitioner, to sustain his application to be allowed to examine certain vital statistics, showed that he required the information to be gained thereby for the prosecution of certain litigations in which he had been retained. Publicity statutes similar to the one relied upon by the respondent are common in this country, and they are usually couched in broad terms; but it is generally held that even under such statutes the individual seeking an inspection must show that the information is sought for some legitimate and specific purpose, and that the gratification of mere curiosity, or some speculative purpose, will not suffice. What will be deemed a sufficient reason for the examination of any specified records must depend in each case upon its own peculiar circumstances.

The department of health, whose records relator seeks to examine, differs in many respects from other municipal departments. In consequence of the nature of its duties, it becomes the repository of the records concerning the most intimate affairs of the individuals resident within the limits of the municipality, and among these records are doubtless to be found many matters of no real public interest, but which might, if disclosed to whomsoever sought to examine them, be used for sinister or unworthy motives. This was apparent to the learned justice who made the order appealed from, for in his decision of the motion (although not in the order) he directed that the results of the respondent's examination should not be made public without the further order of the court. The Legislature also evidently appreciated the evils which might result from indiscriminate publicity of the records of the department of health, and left it to the wise discretion of that department to determine what safeguards and regulations should protect the privacy of its records. This was effected by section 1175 of the charter, reading as follows:

"Sec. 1175. The board of health may establish as it shall deem wise, and to promote the public good and public service, reasonable regulations as to the publicity of any of the papers, files, reports, records and proceedings of the department of health; and may publish such information as may, in its opinion, be useful, concerning births, deaths, marriages, sickness, and the general sanitary condition of the said city, or any matter, place or thing therein."

[3] Being a part of the same statute, this section must be read in conjunction with section 1545, and the two together must be so construed as to give effect to both. The department of health has undertaken to make the regulations provided for in section 1175; but the relator makes no effort to bring himself within their terms, or to show that as to him they are unreasonably restrictive. Upon the papers as they stand, therefore, which, as has been said, offer no reason why the respondent seeks an inspection, and show no interest in him, legitimate or otherwise, we are of the opinion that he was not entitled to the order appealed from. Certain minor defects in the papers, of a technical character, are pointed out. One is that the statute provides for an application by petition, instead of a mere notice of motion. Another is that the proceeding should have been instituted against the department of health, and not against the health commissioner by name. These defects, if they be such, are of no importance, especially in view of the conclusion at which we have arrived upon the appeal.

Order reversed, with $10 costs and disbursements, and the motion denied. All concur.